UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICKEY RUSSELL, ) | |
| ) | Case No. 1:22-cv-05601 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| COOK COUNTY, ILLINOIS, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mickey Russell, a pretrial detainee in Cook County custody, brings a two-count complaint against Defendant Cook County Sheriff's Office ("CCSO") and eight individually named officers. Before the Court is the County's motion to dismiss both counts. For the following reasons, the motion is granted without prejudice.

**Background**

In the summer of 2022, Plaintiff Mickey Russell was in pretrial detention in the Cook County prison system. On July 16, 2022, in the Day Room of RTU Division 8, Unit 3E, the eight individually named defendant officers "laid on" Russell and "kicked, kneed, and punched him in the head and abdomen." Russell alleges that each of the defendants either committed or witnessed the beating and that the beating occurred without justification. Russell was then sent to John H. Stroger Hospital for examination, where he was diagnosed with broken ribs and other injuries.

Beginning on June 9, before the altercation on July 16, Russell made several requests to be transferred out of RTU Division 8 for his safety. Russell asserted that he was in fear for his safety in Division 8 because the defendants had been "aggressive and hostile toward him without just reason or provocation." Russell specifically asserts that he filed a grievance on June 24, 2022, detailing beatings he received at the hands of the defendant officers on June 9 and June 14 of the same year.

1

These requests were either ignored or rejected by the CCSO, resulting in Russell's presence in Division 8 at the time of the beating. Russell alleges that if these requests were properly considered, he would have been transferred to another unit and the beating that caused his injuries would not have happened.

**Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

**Discussion**

  A. *Excessive Force*

42 U.S.C. § 1983 enables pretrial detainees to sue for excessive force used against them by government officers in violation of their Fourteenth Amendment right to due process. To state a claim for excessive force, a pretrial detainee "need only demonstrate that a reasonable person would recognize that the use of force was objectively unreasonable under the circumstances." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 496 (7th Cir. 2022).

Russell's complaint contains facts that plausibly state a claim for excessive force that was objectively unreasonable under the circumstances. Specifically, the complaint alleges that on July 16, 2022, the defendant officers "laid on Plaintiff rendering him helpless while they kicked, kneed, and punched him in the head and abdomen." It also alleges that this force was "entirely unjustified by any action of Plaintiff." Taken as true, these factual assertions present a clear violation of Russell's due process protections.

Defendants' argument that the complaint does not specify the exact conduct of each defendant in the alleged group beating is unpersuasive. Seventh Circuit courts have consistently rejected such arguments at the pleading stage in cases with similar fact patterns to this one. *See Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (finding no "genuine uncertainty regarding who is responsible for what" when multiple law enforcement officers were accused of using excessive force jointly); *see also Thompson v. Cook Cnty.*, No. 22 C 1938, 2023 WL 2838449, at *2 (N.D. Ill. Apr. 7, 2023) (Durkin, J.) ("Allegations directed at multiple defendants can be adequate to plead personal involvement where they put the defendants on notice of what exactly they might have done to violate [the plaintiff's] rights.") (internal quotations omitted).

However, Defendants are correct that the complaint improperly intertwines the assault, battery, and excessive force claims into one count. Each cause of action contains different elements and should be brought as separate counts. *See Wagner v. Cook Cnty. Sheriff's Off.*, 453 F. Supp. 3d 1101, 1102 (N.D. Ill. 2020) (Bucklo, J.) (describing elements of assault and battery separately). Accordingly, Count I is dismissed without prejudice.

B. *Deliberate Indifference*

Plaintiff brings a failure to protect claim against Defendant Perry under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was (1) deprived of a federal right, privilege, or immunity, (2) by any person acting under color of state law. *Gomez v. Toledo,* 446

3

U.S. 635, 638 (1980) (citing 42 U.S.C. § 1983). Prison officials must " 'take reasonable measures to guarantee the safety of ... inmates[ ]' " in the face of known peril, regardless of its source. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

Because Plaintiff was a pretrial detainee at the time of the alleged constitutional deprivation, the Fourteenth Amendment's Due Process Clause governs his failure-to-protect claim as opposed to the Eighth Amendment's bar on cruel and unusual punishment. *Kemp v. Fulton County,* 27 F.4th 491, 495-96 (7th Cir. 2022). A plaintiff bringing a failure-to-protect claim under either the Eighth or Fourteenth Amendment traditionally had to allege that a defendant was subjectively aware of a substantial risk of serious harm to the plaintiff. *Id.* at 495–96. However, the Seventh Circuit in *Kemp* ruled that pretrial detainees who bring a failure-to-protect claim under the Fourteenth Amendment are no longer held to the subjective awareness pleading standard and instead need only to plead objective unreasonableness. *Id.* at 495. In order to state a claim, a pretrial detainee must allege: (1) defendants "made an intentional decision regarding the conditions of the plaintiff's confinement;" (2) "those conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the defendants "did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved," and the consequences of inaction would have been "obvious;" and (4) the defendants' inaction caused the plaintiff's injuries. *Id.* at 496

Russell alleges that (1) the CCSO made an intentional decision to keep him in the unit he requested to be transferred out of; (2) that unit put him in contact with the officers who ultimately beat him and caused him serious harm; (3) the CCSO knew of a high degree of risk from the June 24 grievance that detailed prior beatings and unreasonably ignored it; and (4) the failure to transfer him was a but-for cause of the unconstitutional beating at the hands of the defendant officers. These allegations sufficiently state a failure to protect claim.

4

However, because the complaint attributes the deliberate indifference to the CCSO as a government entity, Russell will have to establish municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 49 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This requires demonstrating that the violation of Russell's constitutional rights was the result of a department policy, widespread practice or custom, or a decision made by someone with official policy-making authority. *Glisson v. Indiana Dep't. of Corrections*, 849 F.3d 372, 379 (7th Cir. 2017). Russell made no such allegation in his complaint. Thus, he has failed to state a claim upon which relief can be granted against the CCSO and the count must be dismissed under Rule 12(b)(6).

C. *Punitive Damages*

Finally, Russell seeks punitive damages against the CCSO in his prayer for relief. However, punitive damages are not available under Title VII or 42 U.S.C. § 1983 against a municipality or government. *See* First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago, 988 F.3d 978, 985 (7th Cir. 2021) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.")). Accordingly, the prayer for punitive damages against the CCSO is stricken.

**Conclusion**

For these reasons, the Court grants the defendants' motion to dismiss without prejudice. If Russell believes in good faith that he can cure the deficiencies identified in this Opinion, he may amend his complaint within 30 days.

**IT IS SO ORDERED.**

Date: August 23, 2024

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge